UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE M.,<br><br>                               Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>                               Defendant. | Case No.: 19-cv-00272-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEYS' FEES**<br><br>**[ECF No. 26]** |

Before the Court is the parties' joint motion[1] to award Plaintiff attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 26.) For the reasons discussed below, the parties' joint motion is **GRANTED**.

**I.      BACKGROUND**

On February 6, 2019, Plaintiff filed a Complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("the Commissioner") denying her applications for a period of disability and

---

[1] The Court construes the parties' "joint stipulation" as a joint motion. *See* CivLR 7.2.b. ("Any stipulation for which court approval is sought must be first filed as a 'joint motion.'").

disability insurance benefits and for Supplemental Security Income.  (ECF No. 1.)  On March 25, 2020, the Court granted Plaintiff's Motion for Summary Judgment and denied the Commissioner's Cross-Motion for Summary Judgment.  (ECF No. 22.)  Judgment was entered reversing the decision of the Commissioner and remanding the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 23.)

On April 27, 2020, Plaintiff moved for an award of $14,059.63 in attorneys' fees pursuant to the EAJA.  (ECF No. 24.)  The Commissioner did not join in Plaintiff's motion.  On April 29, 2020, the parties filed the instant joint motion, and Plaintiff subsequently withdrew her previously-filed fee motion on May 1, 2020.  (ECF Nos. 26; 27.)  The parties have stipulated that Plaintiff be awarded $7,500.00 in attorneys' fees and under the EAJA and no costs under 28 U.S.C. § 1920.  (ECF No. 26 at 1.)

## II.     DISCUSSION

A litigant is entitled to attorneys' fees under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable."  *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

**A.     Plaintiff is the prevailing party.**

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).  The prevailing party is eligible to seek attorneys' fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA upon expiration of the time for appeal."  *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schaefer*, 509 U.S. at 297).  Under the Federal Rule of Appellate Procedure 4(a)(1)(B), when a United States officer is sued in an official capacity, the time for appeal expires after sixty days.

Therefore, a motion for fees filed after a sentence four remand is timely if filed "within 30 days after the 60-day appeal period in Rule 4(a) has expired." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

Here, as stated above, judgment was entered reversing the decision of the Commissioner and remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 23.)  Plaintiff is therefore the prevailing party for purposes of the instant fee motion. *Akopyan*, at 854.  Additionally, the fee motion is timely, for judgment was entered on March 25, 2020, and the motion was filed on April 29, 2020.  (ECF Nos. 23; 26.)

**B.    The Commissioner has not shown that his position was substantially justified.**

The Commissioner bears the burden of showing that his position was substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).  To meet this burden, the Commissioner "must advance a position that is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002)).  "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez*, 274 F.3d at 1258 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

The parties here state that their "stipulation constitutes a . . . settlement of Plaintiff's request for EAJA attorney[s'] fees and does not constitute an admission of liability on the part of the [Commissioner] under the EAJA or otherwise."  (ECF No. 26 at 2.)  Although the Commissioner makes no "admission of liability," he does not argue that his position was substantially justified, and Plaintiff's fee request comes to the Court by way of joint motion. *See, e.g.*, *Black v. Berryhill*, Case No.: 18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) ("[I]n light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").  Accordingly, the Court finds that the Commissioner has not met his burden to show, nor attempts to argue that, his position was substantially justified.

**C.   Plaintiff's requested fees are reasonable.**

"EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (alteration in original).  The court may award reasonable attorneys' fees "based upon prevailing market rates for the kind and quality of the services furnished."  28 U.S.C. § 2412(d)(2)(A).  However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id.* § 2412(d)(2)(A)(ii).

Plaintiff's counsel, Martha Yancey, bills at an hourly rate of $205.25.  (ECF No. 29-5 at 1–2.)  The parties do not provide any justification for an hourly rate above the $125 statutory-rate in their joint motion.  However, the Ninth Circuit's hourly EAJA rate for work performed in 2019, factoring in an increase in the cost of living, is $205.25.  *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 27, 2020).  Pursuant to 28 U.S.C. § 2412(d)(2)(A), the Court finds that a cost-of-living increase is justified here, and Ms. Yancey's hourly rate of $205.25 is therefore reasonable.  *See also Thangaraja v. Gonzalez*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases.").

At an hourly rate of $205.25, the $7,500.00 requested fee award represents compensation for approximately 36.54 hours of work performed by Ms. Yancey.  A record of Ms. Yancey's billables in this case shows that she recorded 68.5 hours of work in total, which amounts to $14,059.63.  (ECF No. 29-5 at 1–2.)  The Court finds the $7,500.00 fee request reasonable in light of this reduction and given that Ms. Yancey was the sole attorney who prepared and filed Plaintiff's Motion for Summary Judgment as well as the reply to the Commissioner's Cross-Motion for Summary Judgment.  *See also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("[C]ourts should

generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion (ECF No. 26) and awards Plaintiff $7,500.00 in attorneys' fees.

**IT IS SO ORDERED.**

Dated:  August 31, 2020

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge